FILED
United States Court of Appeals
Tenth Circuit

September 20, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DEYSI CASTELLANOS-PINEDA,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 13-9519
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **ANDERSON**, Circuit Judge, and **BRORBY**, Senior
Circuit Judge.

Deysi Castellanos-Pineda petitions for review of the Board of Immigration

Appeals' ("BIA") denial of her applications for restriction on removal and protection

under the Convention Against Torture ("CAT"). Because we conclude we lack

jurisdiction to review any of Ms. Castellanos-Pineda's claims, we dismiss her

petition for review.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Background

Ms. Castellanos-Pineda is a native and citizen of El Salvador who entered the United States illegally in 2006. The Department of Homeland Security served her with a notice to appear, and she conceded removability. In 2010, she submitted applications for asylum, restriction on removal,[1] and protection under the CAT, claiming a fear of persecution in El Salvador based on her membership in a particular social group comprised of business owners.

Ms. Castellanos-Pineda testified at a hearing before an immigration judge ("IJ") that she had sold grains, sugar, beans, and rice out of her garage in El Salvador. In the summer of 2005, after she had operated her store for two years, members of the MS 18 gang approached her, showed her their guns, and demanded that she pay "rent." She testified that she did not report the gang members' demand for money to the police because they threatened to kill her if she refused to pay. She further testified that other shop owners were also required to pay rent to MS 18, and one shop owner was killed when he stopped making payments.

Ms. Castellanos-Pineda continued to make weekly $50 payments to the gang for about six months. She stopped paying in January 2006 because she did not have

---

[1]     Ms. Castellanos-Pineda and the agency use the term "withholding of removal." "[A]mendments to the Immigration & Naturalization Act made by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) changed the terminology to 'restriction on removal.' *See* 8 U.S.C. § 1231(b)(3)[.] Since this case arose after the effective date of the IIRIRA, we refer to this provision as 'restriction on removal.'" *Sidabutar v. Gonzales*, 503 F.3d 1116, 1117 n.1 (10th Cir. 2007) (citation omitted).

enough money. On the evening of the day that she refused to pay, she heard noises coming from her roof. She did not see what or who made the noises, but she believed it was members of the MS 18 gang trying to enter her home to harm her. The next morning, Ms. Castellanos-Pineda left for her mother's house in another town about 45 minutes away. She lived with her mother for four months before she decided to leave for the United States because she feared that the gang would come after her. Ms. Castellanos-Pineda initially left her son with her mother in El Salvador. She later brought him to the United States after gang members demanded money from her mother and threatened to kidnap her son because they knew she was living in the United States. After her son left El Salvador, the MS 18 gang has not contacted her parents, who continue to live in El Salvador, as do her grandmother and her brother. The MS 18 gang never physically harmed her.

The IJ granted Ms. Castellanos-Pineda voluntary departure but denied all other relief. The BIA dismissed her appeal.

## Standards of Review

Because a single member of the BIA affirmed the IJ's decision in a brief order pursuant to 8 C.F.R. § 1003.1(e)(5), we review the BIA's decision as the final order of removal. *See Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006). "We look to the record for substantial evidence supporting the agency's decision . . . ." *Id.* (internal quotation marks omitted). We review legal questions de novo. *Ferry v. Gonzales*, 457 F.3d 1117, 1126 (10th Cir. 2006).

- 3 -

**Denial of Asylum**

The Attorney General initially argues that we should dismiss Ms. Castellanos-Pineda's petition for lack of jurisdiction to the extent that she challenges the BIA's denial of her asylum application. The BIA denied asylum because she failed to file her application by the one-year statutory deadline. The BIA further concluded that she did not establish eligibility for an exception to the time limit by presenting evidence of changed circumstances in El Salvador or extraordinary circumstances. We agree with the Attorney General that we lack jurisdiction to review these determinations. *See* 8 U.S.C. § 1158(a)(3). But we do not construe Ms. Castellanos-Pineda's petition as raising any claim regarding the BIA's denial of asylum. Rather, she challenges only the BIA's denial of restriction on removal and protection under the CAT. We address below why we lack jurisdiction to review the claims that she asserts with respect to the BIA's denial of those forms relief.

**Denial of Restriction on Removal and Protection Under the CAT**

Ms. Castellanos-Pineda may not be removed to El Salvador "if the Attorney General decides that [her] life or freedom would be threatened in that country because of [her] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). In order to be eligible for restriction on removal, Ms. Castellanos-Pineda must establish a clear probability of persecution on account of one of the protected grounds. *See Woldemeskel v INS*, 257 F.3d 1185,

1193 (10th Cir. 2001). A "clear probability" means the persecution is "more likely than not" to occur upon return to the country of removal. *Id.* "And the persecution must be committed by the government or forces the government is either unable or unwilling to control." *Neri-Garcia v. Holder*, 696 F.3d 1003, 1009 (10th Cir. 2012) (internal quotation marks omitted). "An alien can establish a presumptive entitlement to restriction on removal on the basis of past persecution." *Id.* "To receive the protections of the CAT, an alien must demonstrate that it is more likely than not that [s]he will be subject to torture by a public official, or at the instigation or with the acquiescence of such an official." *Sidabutar v. Gonzales*, 503 F.3d 1116, 1125 (10th Cir. 2007) (internal quotation marks omitted).

The BIA affirmed the IJ's denial of Ms. Castellanos-Pineda's application for restriction on removal, stating, "We agree with the Immigration Judge that the respondent did not demonstrate . . . that she suffered harm rising to the level of persecution or a nexus between the harm which she suffered and fears and a protected ground under the Act." Admin. R. at 4. In affirming the IJ's denial of protection under the CAT, the BIA stated, "We also agree with the Immigration Judge's conclusion that the respondent . . . failed to show that she is more likely than not to be tortured in El Salvador, by or with the acquiescence (to include the concept of willful blindness) of a government official upon return." *Id.* (internal quotation marks omitted).

Ms. Castellanos-Pineda's three contentions of error all similarly assert that the IJ and the BIA failed to make specific findings regarding her applications for relief. She maintains that, because the BIA summarily affirmed the IJ's decision, this court is therefore unable to conduct a meaningful review.

She first argues that she established "membership in a particular social group" under § 1231(b)(3)(A), based on her status as a business owner in El Salvador. She complains that neither the IJ nor the BIA made a specific finding on this issue, and she seeks a remand to allow the BIA to consider and decide whether she is eligible for restriction on removal because she belonged to a particular social group. She also asserts that the IJ never articulated a reason for denying her application for restriction on removal. More specifically, she claims that the IJ failed to address whether she suffered past persecution and whether there is a clear probability that she would suffer persecution upon returning to El Salvador. She seeks a remand to allow the IJ to consider her eligibility for restriction on removal, or to make a finding regarding his basis for denying that relief. Finally, regarding her application for protection under the CAT, Ms. Castellanos-Pineda argues that the IJ failed to articulate why she did not demonstrate that she would be subject to torture in El Salvador. She asks us to remand to allow the IJ to consider her eligibility for CAT protection based on mental torture, or to articulate whether he considered mental torture in denying her application.

The Attorney General argues that the IJ's failure to make the findings alleged by Ms. Castellanos-Pineda does not hamper this court's review because the BIA reviewed the relevant aspects of the IJ's decision de novo. We note there is tension between the government's position and this court's precedent with regard to whether certain determinations are factual or legal. *Compare Matter of A-S-B-*, 24 I. & N. Dec. 493, 497 (BIA 2008) (characterizing question whether facts are sufficient to show a well-founded fear of persecution as a legal conclusion), *and Sidabutar*, 503 F.3d at 1122 n.6 (acknowledging that preamble to regulations enacting 8 C.F.R. § 1003.1 "suggests that the BIA is not limited to the IJ's determinations of 'past persecution' and the like"), *with Vicente-Elias v. Mukasey*, 532 F.3d 1086, 1091 (10th Cir. 2008) ("In this circuit, the ultimate determination whether an alien has demonstrated persecution is a question of fact, even if the underlying factual circumstances are not in dispute and the only issue is whether those circumstances qualify as persecution."). We need not resolve this tension because we conclude that Ms. Castellanos-Pineda failed to exhaust her administrative remedies by raising her claims before the BIA. We therefore lack jurisdiction to consider them.

Neither party addresses this issue, but we have an independent duty to examine our own jurisdiction. *Sierra v. INS*, 258 F.3d 1213, 1216 (10th Cir. 2001). "This Court may only retain jurisdiction over claims challenging a final order of removal 'if the alien has exhausted all administrative remedies available . . . as of right.'" *Sidabutar*, 503 F.3d at 1118 (quoting 8 U.S.C. § 1252(d)(1)). "[W]e generally assert

- 7 -

jurisdiction only over those arguments that a petitioner properly presents to the BIA."
*Id.*

Ms. Castellanos-Pineda did not raise in her BIA appeal any issue regarding the IJ's failure to make findings. She devoted much of her BIA appeal brief to arguing that the IJ erred in denying her asylum application as untimely. *See* Admin. R. at 23-24. She next argued that her testimony established that she had suffered past persecution and that she harbors a well-founded fear of future persecution. *See id.* at 24-25. Lastly, she challenged the IJ's determination that her testimony was suspect. *See id.* at 25. These are the claims she preserved for review by this court (to the extent that we otherwise have jurisdiction to do so).

Ms. Castellanos-Pineda did not ask the BIA to remand to the IJ for a determination whether business owners in El Salvador constitute a particular social group, or for an explicit finding on past persecution and the likelihood of future persecution. Indeed, based on her argument to the BIA that her evidence established past persecution, she evidently believed that the IJ had made a determination against her on that issue. And while she stated that she was appealing the BIA's denial of protection under the CAT, she made no specific argument in her appeal brief why the IJ's denial of that relief was in error.

Although we can assert jurisdiction over claims not raised by an alien in her BIA appeal if the BIA sufficiently considered them in its final order, *see Sidabutar*, 503 F.3d at 1122, that narrow rule does not apply in this case.

[T]he BIA must: (1) clearly identify a claim, issue, or argument not presented by the petitioner; (2) exercise its discretion to entertain that matter; and (3) explicitly decide that matter in a full explanatory opinion or substantive discussion. Only then may a petitioner take an argument to court that [s]he never pursued before the BIA.

*Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1235 (10th Cir. 2010). Here, the BIA did not address sua sponte any of the issues that Ms. Castellanos-Pineda now seeks to raise in her petition for review.

Ms. Castellanos-Pineda also failed to exhaust her claim that the *BIA* did not rule on whether she demonstrated membership in a particular social group. That claim "should have been brought before the BIA in the first instance through a motion to reconsider or reopen." *Sidabutar*, 503 F.3d at 1122 (holding court lacked jurisdiction over challenge to BIA's de novo fact-finding on past persecution, where IJ made no finding on that issue, because alien failed to exhaust that claim in a motion to reconsider or reopen).

Because Ms. Castellanos-Pineda failed to exhaust her administrative remedies with respect to any of the claims she raises in her petition for review, we are without jurisdiction to consider them. The petition for review is dismissed.

Entered for the Court


Wade Brorby
Senior Circuit Judge